**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

KEVIN DELLI COLLI OUAZANA,    )
                              )
            Plaintiff,        )
                              )    Civil Action No. 1:26-cv-00482 (UNA)
v.                            )
                              )
UNITED STATES OF AMERICA, et al.,    )
                              )
            Defendants.       )

## <u>MEMORANDUM OPINION</u>

This matter is before the Court on its initial review of Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and Application for Leave to Proceed *in forma pauperis*, ECF No. 2.  The Court grants the *in forma pauperis* Application, and for the reasons discussed below, dismisses this case without prejudice.

Plaintiff, a resident of Canada who holds himself out as "master son of planet 606 (Urantia Earth)," "a sovereign celestial being and divine heir," and a representative of "all injured celestial and mortal parties," sues the United States, the District of Columbia, unnamed federal judges, the U.S. Marshals Service, the Federal Bureau of Prisons, the Church of Jesus Christ of Latter-day Saints, unspecified "Wiccan/Demonic Covens," and 10,000 John and Jane Doe Defendants who are "other terrestrial and extra-terrestrial actors participating in the persecution."  *See* Compl. at 1. Plaintiff alleges, *inter alia*, that he has been a victim of a conspiracy "enabling ruin, brain weaponry, physical, psychological, and demonic abuse, trauma, and unlawful detention of the Master Son of Planet 606 Urantia Earth.  These persecution opportunities were facilitated through CIA and 5-eye coordination."  *See id*. at 2.  He demands "in excess of five trillion dollars."  *Id.*

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and here, Plaintiff's Complaint falls squarely into this category.  This Court is obligated to dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307–08 (D.C. Cir. 1981); *see* 28 U.S.C. § 1915(e)(2)(B)(i), because it cannot exercise subject matter jurisdiction over such frivolous claims, *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins.").

For these reasons, the Complaint, ECF No. 1, and this case, are dismissed without prejudice.  A separate Order accompanies this Memorandum Opinion.


DATE: July 6, 2026                              /s/ CHRISTOPHER R. COOPER
                                                United States District Judge